**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| CHERLYN LOUISE OGLE,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | ) | No. ED CV 14-236-PLA<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on February 13, 2014, seeking review of the Commissioner's denial of her application for Disability Insurance Benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on March 13, 2014, and April 1, 2014. Pursuant to the Court's Order, the parties filed a Joint Stipulation on October 23, 2014, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

## II.

## BACKGROUND

Plaintiff was born on February 29, 1960. [Administrative Record ("AR") at 130.] She has a high school education [AR at 31] and past relevant work experience as an executive assistant, server, and restaurant manager. [AR at 155.]

On July 29, 2010, plaintiff filed an application for a period of disability and Disability Insurance Benefits. [AR at 12, 130.] In her application plaintiff alleged disability beginning on April 14, 2008. [AR at 130.] After her application was denied initially and upon reconsideration, plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). [AR at 73-86.] A hearing was held on February 9, 2012, at which time plaintiff appeared represented by an attorney, and testified on her own behalf. [AR at 26-63.] A vocational expert ("VE") also testified. [AR at 53-60.] On March 23, 2012, the ALJ issued a decision concluding that plaintiff was not under a disability from April 15, 2008, through the date of the decision. [AR at 12-22.] When plaintiff's request for review of the hearing decision [AR at 8] was denied by the Appeals Council on December 11, 2013 [AR at 1-7], the ALJ's decision became the final decision of the Commissioner. See Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam). This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010).

"Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008)

(internal quotation marks and citation omitted); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (same). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001); see Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence.") (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Ryan, 528 F.3d at 1198 (internal quotation marks and citation omitted); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ.").

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

### A. THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995), as amended April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the

claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., pt. 404, subpt. P, app. 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B. THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date, April 15, 2008.[1] [AR at 14.] At step two, the ALJ concluded that plaintiff has the following severe impairments: "coronary artery disease, with a history of stent placement in 2009, and migraine headaches." [Id.] At step three, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meets or medically equals any

---

[1] The ALJ concluded that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014. [AR at 14.]

of the impairments in the Listings.[2] [AR at 15.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[3] to perform light work as defined in 20 C.F.R. § 404.1567(b)[4] as follows: lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; cannot climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; avoid all exposure to hazards (no work near machinery with exposed parts, or near unshielded electrical circuits); and limited to work involving "simple repetitive tasks." [AR at 15-16.] At step four, the ALJ concluded that plaintiff is unable to perform any of her past relevant work. [AR at 20.] At step five, with the assistance of the VE, the ALJ determined that there were jobs that exist in significant numbers in the national economy that plaintiff could perform, including: mail clerk (Dictionary of Occupational Titles ("DOT") 209.687-026), information clerk (DOT 237.367-018), and cashier II (DOT 211.462-010). [AR at 21-22.] Accordingly, the ALJ determined that plaintiff was not disabled at any time from April 15, 2008, through the date of the decision. [AR at 22.]

//

//

//

//

//

---

[2] See 20 C.F.R. pt. 404, subpt. P, app. 1.

[3] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

[4] 20 C.F.R. § 404.1567(b) defines "light work" as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls."

**V.**

**THE ALJ'S DECISION**

Plaintiff contends that the ALJ committed reversible error by failing to properly resolve inconsistencies between the VE's testimony and the DOT. [Joint Stipulation ("JS") at 4.] As set forth below, the Court agrees with plaintiff and remands the matter for further proceedings.

In particular, plaintiff argues that the ALJ erred in his step five determination by relying on the VE's testimony in concluding that plaintiff can perform work as a mail clerk (DOT 209.687-026), information clerk (DOT 237.367-018), and cashier II (DOT 211.462-010). [JS at 4-7, 11-12; AR at 21-22.]

At step five of the sequential evaluation process, the burden shifts to the Commissioner to show that, taking into account plaintiff's age, education, and vocational background, she can perform any substantial gainful work in the national economy. 20 C.F.R. §§ 404.1520(f); Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). There are two ways for the Commissioner to meet the burden of showing that there is other work in significant numbers in the national economy that plaintiff can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). If the Commissioner meets this burden, plaintiff is not disabled and therefore not entitled to disability insurance benefits. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then plaintiff is disabled and entitled to disability benefits. See id.

The DOT raises a presumption as to job classification requirements. See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995); see also Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir. 2001) ("[T]he best source for how a job is generally performed is usually the [DOT].") (internal citations omitted). In order for "the ALJ to rely on a job description in the [DOT] that fails to comport with a [plaintiff]'s noted limitations, the ALJ must definitively explain this deviation" and "the record must contain persuasive evidence to support [it]." Pinto, 249 F.3d at 846-47 (internal quotations and citation omitted).

Additionally, Social Security Ruling[5] ("SSR") 00-4p unambiguously provides that "[w]hen a [VE] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [VE] . . . evidence and information provided in the [DOT]." SSR 00-4p further provides that the adjudicator "will ask" the VE "if the evidence . . . she has provided" is consistent with the DOT and obtain a reasonable explanation for any apparent conflict. See Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007).

Here, the ALJ in the RFC determination concluded that plaintiff "is limited to work involving simple repetitive tasks." [AR at 16.] The ALJ incorporated that limitation into the hypothetical question he posed to the VE at the hearing on February 9, 2012. [AR at 56.] The VE testified that a person with plaintiff's limitations was capable of performing the work of a mail clerk (DOT 209.687-026), information clerk (DOT 237.367-018), and cashier II (DOT 211.462-010). [AR at 21-22.]

All jobs listed in the DOT have general education development ("GED") levels -- defined as "aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT, Appendix C - Components of the Definition Trailer, 1991 WL 688702 (4th ed. 1991). The GED level of a job pertains to, among other things, the reasoning, math, language, and writing development level necessary to perform a job, ranging from 1 (the lowest level) to 5 (the highest level). Id. Here, the occupations of mail clerk and cashier II both have a GED reasoning level of 3, and the occupation of information clerk has a GED reasoning level of 4.

Plaintiff argues that there is a conflict between the VE's testimony and the DOT. Specifically, she contends that a limitation to "simple, repetitive tasks" is inconsistent with the requirements of both level 3 and level 4 reasoning. [See JS at 5.] The DOT defines level 3

---

5 "The Commissioner issues Social Security Rulings [("SSRs")] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." Holohan v. Massanari, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (internal citations omitted).

reasoning as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DOT, App. C., Sec. III, 1991 WL 688702 (4th ed. 1991). The DOT defines level 4 reasoning as the ability to "[a]pply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form. Examples of rational systems are: bookkeeping, internal combustion engines, electric wiring systems, house building, farm management, and navigation." Id. Each higher numbered reasoning level is more demanding than the lower level. Level 2 is described as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Id.

Courts have found that a limitation to "simple, repetitive tasks" may be consistent with level 2 reasoning. See, e.g., Meissl v. Barnhart, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005) ("While reasoning level two notes the worker must be able to follow 'detailed' instructions, it also . . . downplayed the rigorousness of those instructions by labeling them as being 'uninvolved.'"); Vasquez v. Astrue, 2009 WL 3672519, at *3 (C.D. Cal. Oct. 30, 2009) ("[T]he DOT's reasoning development Level two requirement does not conflict with the ALJ's prescribed limitation that [p]laintiff could perform only simple, routine work.").

However, level 3 expands the requirement to follow instructions to those in diagrammatic form as well as oral and written forms and to deal with "several concrete variables." DOT, App. C., Sec. III, 1991 WL 688702 (4th ed. 1991). Thus, courts have found that level 3 reasoning is inconsistent with the limitation to "simple, repetitive tasks." See, e.g., Tich Pham v. Astrue, 695 F. Supp. 2d 1027, 1032 (C.D. Cal. 2010) ("[R]easoning level of 3 . . . is greater than the reasoning required for the simple repetitive tasks."); Pak v. Astrue, 2009 WL 2151361, at *7 (C.D. Cal. 2009) ("The Court finds that the DOT's Reasoning Level three requirement conflicts with the ALJ's prescribed limitation that [p]laintiff could perform only simple, repetitive work."); Squier v. Astrue, 2008 WL 2537129, at *5 (C.D. Cal. 2008) (reasoning level 3 is "inconsistent with a

limitation to simple repetitive work"); Tudino v. Barnhart, 2008 WL 4161443, at *11 (S.D. Cal. 2008) ("Level-two reasoning appears to be the breaking point for those individuals limited to performing only simple repetitive tasks;" remand for ALJ to "address the conflict between [p]laintiff's limitation to 'simple repetitive tasks' and the level-three reasoning.").

Plaintiff has made a sufficient showing of a conflict between the VE's testimony and the DOT to require the ALJ to ask the VE whether her testimony conflicted with the DOT and, if so, whether there was a reasonable explanation for any conflict. Massachi, 486 F.3d at 1153; see also Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1234 (9th Cir. 2009) ("[T]he ALJ had 'an affirmative responsibility' to inquire as to the reasons and evidentiary basis for the VE's deviation" from the DOT.) (citing SSR 00-4p).

The ALJ in this case did not do so. [See AR at 56-58.] Although the ALJ asked the VE to advise when her testimony deviated from the DOT, the VE failed to mention any such deviation, much less explain the reasons supporting a deviation from the DOT. [AR at 53.] Under these circumstances, the Ninth Circuit has held that "we cannot determine whether the ALJ properly relied on [the VE's] testimony." Massachi, 486 F.3d at 1154. Further, "we cannot determine whether substantial evidence supports the ALJ's step-five finding that [plaintiff] could perform other work." Id. The remedy, according to the Ninth Circuit, is "to remand this case so that the ALJ can perform the appropriate inquiries under SSR 00-4p." Id. While remand may not be necessary if the procedural error is harmless, i.e., when there is no conflict or if the VE provided sufficient support for her conclusion so as to justify any potential conflicts (id. at 1154 n. 19), here, as set forth above, there was a deviation from the DOT and neither the VE nor the ALJ addressed that deviation. Therefore, the Court finds that remand is warranted.

## VI.

## REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman, 211 F.3d at 1179; Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate for the ALJ to properly

conduct the step five determination and to clarify all deviations from the DOT.[6] The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: November 17, 2014

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

[6] Nothing herein is intended to disrupt the ALJ's step four finding that plaintiff is unable to return to her past relevant work.